UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SILTON ALLEN (#476015)**  CIVIL ACTION NO.

**VERSUS**  20-890-JWD-EWD

**TRENT BARTON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SILTON ALLEN (#476015)**　　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　**20-890-JWD-EWD**

**TRENT BARTON, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMEDNATION

Before the Court is the Complaint, as amended, of Plaintiff Silton Allen ("Allen"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Pursuant to the screening required by 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that this case be dismissed for failure to state a claim.

**I.　Background**

Allen filed this suit pursuant to 42 U.S.C. § 1983 against Trent Barton and Luke Rheams ("Defendants"), alleging that Defendants violated his First, Eight, and Fourteenth Amendment rights because he was transferred to LSP for quarantine without his personal property, was not permitted to shower, was deprived of legal materials and contact with his family during the fourteen-day quarantine period.[1] Allen also alleges discrimination based on a disability.[2] He seeks declaratory, injunctive, and monetary relief.[3]

**II.　Law & Analysis**

**A. Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim by a prisoner against a governmental entity or an officer or employee of a governmental

---

[1] R. Doc. 1, p. 3 (original Complaint); R. Doc. 5, p. 4 (amended Complaint).
[2] R. Doc. 1, p. 3.
[3] R. Doc. 1, pp. 5-6; R. Doc. 5, p. 5.

entity, or by any other plaintiff who has been granted IFP status, if that action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on February 8, so both statutes apply. R. Doc. 7.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Denton,* 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. Allen Cannot State a Federal Constitutional Claim for Deprivation of His Property

Allen complains that he was transferred from his previous institution to LSP for quarantine without his personal property.[13] While it appears as though Allen is attempting to allege that his due process rights were violated, pursuant to well-established federal jurisprudence, an unauthorized negligent, or even intentional, wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[14] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[15] Here, Allen has not alleged that state post-deprivation remedies are unavailable to him or that such remedies are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which Allen could proceed against Defendants for recovery of his property or for reimbursement for its loss.[16] Accordingly, Allen's claim for alleged loss of property is without constitutional merit.[17]

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Docs. 5, p. 4; 1, p. 3.
[14] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine." Though Allen's Complaint may suggest that his property was taken by his cellmate, and that Defendants failed to follow proper protocol and allegedly misstated facts regarding Plaintiff's property, even if the Complaint is construed liberally to allege that state officials actually deprived Allen of his property, it would fail to state a claim.
[15] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)
[16] *Marshall*, 741 F.2d at 763.
[17] Allen also states merely that he did not have possession of his legal materials while he was quarantined. R. Doc. 1, p. 3. Allen has not indicated that not having his legal materials for this short time caused any detriment or infringed upon his right of access to the courts. Because it does not appear that Allen is attempting to make an access to the courts claim, this allegation is not discussed further.

### C. Allen Cannot State a Federal Constitutional Claim Based on the Temporary Conditions of Confinement

Allen also complains that for fourteen days, while he was quarantined upon his transfer to LSP, he was confined to a small cell for 24 hours per day with no shower.[18] The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain.[19] To prevail on a conditions of confinement claim, an inmate must establish two elements—one objective, one subjective.[20] First, the inmate must show that the relevant official denied him "the minimal civilized measure of life's necessities" and exposed him "to a substantial risk of serious harm."[21] As to this element, the "alleged deprivation" must be "objectively serious."[22] Second, the prisoner must show "that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference" to the risk of harm.[23] "Deliberate indifference is an extremely high standard to meet."[24] "A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it."[25]

The Eighth Amendment "does not mandate comfortable prisons, but neither does it permit inhumane ones."[26] At a minimum, prison officials "must provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care."[27] They cannot deprive prisoners of the "basic elements of hygiene" or the "minimal

---

[18] R. Doc. 1, p. 3.
[19] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
[20] *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019).
[21] *Id.* (quotation marks omitted).
[22] *Id.*
[23] *Id.* (citations and quotation marks omitted).
[24] *Id.*, quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[25] *Id.* (quotation marks omitted).
[26] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted).
[27] *Id.*

4

civilized measure of life's necessities."[28]  Prison conditions cannot inflict "wanton and unnecessary" pain.[29]

    Regarding Allen's complaint that he was not allowed outside of his cell to shower for fourteen days but was provided with bath wipes to clean himself, he has not stated a claim of constitutional dimension.[30]  "[J]ails must provide only reasonably adequate hygiene and sanitation conditions."[31]  "A short term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation."[32]  Though Allen was unable to shower for fourteen days, which may have been unpleasant, this experience does not rise to the level of a constitutional violation, especially considering that he admits he was provided with bath wipes to clean himself and the condition was temporary in nature due to Allen's quarantine.  Courts within this circuit have dismissed more egregious claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.[33]  Additionally, Allen has failed to show that prison officials acted with deliberate indifference under these circumstances as documents attached to the original Complaint from Allen's administrative remedy proceedings show that he was isolated for fourteen days in accordance with guidance provided by the Centers for Disease Control due to the COVID-19

---

[28] *Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999) (quotation marks omitted).
[29] *Id.* at 351.
[30] R. Doc. 1, p. 3.
[31] *Burton v. Cameron County,* 884 F.Supp. 234, 241 (S.D. Tex. 1995), citing *Green v. Ferrell,* 801 F.2d 765, 771 (5th Cir.1986).
[32] *Magee v. Crowe*, No. 09-3142, 2010 WL 630011, at *8 (E.D. La. Feb. 19, 2010), citing *Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir.1994); *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir.1992); *Robinson v. Illinois State Correspondence. Ctr.,* 890 F.Supp. 715, 720 (N.D.Ill.1995)).
[33] *See Young v. Ledet*, No. 20-2165, 2021 WL 799683, at *21 (E.D. La. Jan. 15, 2021), *report and recommendation adopted*, No. 20-2165, 2021 WL 795981 (E.D. La. Mar. 2, 2021) (dismissing as frivolous allegations that inmate was held for three days in an unsanitary cell with no drinking water and the lack of shower access for eight days because the claims were about temporary conditions); *Magee*, 2010 WL 630011, at *8 (claims that inmate had to use a hole in the floor as a toilet, that the toilet was only flushed once or twice per day and backed up into the cell while the inmate was sleeping and could not be cleaned unless the deputies permitted it, that the inmate had to sleep in the cell, and was only allowed two showers during the 21 days he was in the cell did not rise to the level of a constitutional violation and was thus, dismissed as legally frivolous).

pandemic.³⁴  The COVID-19 pandemic necessitated measures such as isolation for the protection of the entire inmate population.  Allen's complaint regarding confinement to his cell for 24 hours per day for the fourteen days of his quarantine also fails to rise to the level of a constitutional violation because it is not a long enough time of deprivation to have constitutional implications.³⁵  Accordingly, Allen has failed to state a claim regarding the conditions of his confinement.³⁶

### D.  Allen's Remaining Complaints are Also Subject to Dismissal

Finally, Allen complains that, while in quarantine for fourteen days, he did not have the ability to send or receive mail or to use the phone to contact his family.³⁷  These temporary interruptions in mail and phone privileges do not state claims of constitutional dimension and are also subject to dismissal.³⁸

### E.  Allen Should Not be Provided with Further Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."³⁹  "Granting leave to amend, however, is not required if the plaintiff has

---

³⁴ R. Doc. 1-1, p. 2.
³⁵ *See Smallwood v. Castillo*, No. 07-2542, 2007 WL 4377873 (S.D. Tex. Dec. 12, 2007) (allegation of fourteen days in solitary confinement did not rise to the level of a constitutional deprivation).
³⁶ Allen also vaguely alleges that Defendants physically assaulted him (*see* R. Doc. 1, p. 4), but the assault referenced is to the allegations of being placed in quarantine in a small cell without shower, personal property, and ability to contact his family. There does not appear to be any independent claim for physical assault against any Defendant.
³⁷ R. Doc. 1, p. 3.
³⁸ *Hadley v. Wallace*, No. 09-92, 2010 WL 2539577, at *1 (N.D. Miss. Jan. 19, 2010), *report and recommendation adopted*, No. 09-92, 2010 WL 2539842 (N.D. Miss. June 15, 2010), citing *Deleon v. Doe,* 361 F.3d 93, 94 (2nd Cir. 2004) (requiring "regular and unjustifiable" interference to state a First Amendment claim); *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000) (holding that sporadic and short-term delays are insufficient to state a claim); *Crofton v. Roe,* 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay in delivery of mail did not violate the First Amendment).  Additionally, as noted in connection with Allen's other claims, these restrictions were imposed because the prison was attempting to isolate Allen to prevent the spread of COVID-19.
³⁹ *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

already pleaded her best case,"[40] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[41]

Here, Allen has not alleged any facts to indicate that the opportunity to further amend his claims would result in a nonfrivolous § 1983 claim, and any amendment consistent with the facts of his Complaint would fail to state a claim. Further, Allen has already amended his Complaint once and the allegations are straightforward: Allen believes his constitutional rights were violated by his placement in a fourteen-day quarantine for COVID-19 and the treatment he received while in quarantine. These facts do not support a claim that a federal constitutional right was violated. The Court is not required to give a plaintiff unending leave to amend to attempt to state a claim.[42] Accordingly, Allen's case should be dismissed without further leave to amend.

### F. Exercise of Supplemental Jurisdiction Should be Declined

To the extent Allen seeks to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. Having recommended dismissal of Allen's federal constitutional claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any state law claims.

---

[40] *Id.*
[41] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).
[42] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165 at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).

**RECOMMENDATION**

**IT IS RECOMMENDED** that this action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[43] that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the case be **CLOSED**.

**IT IS FURTHER RECOMMENDED** that leave to further amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on December 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] Silton Allen is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the dismissal will count as a strike.